## In re DODSON.
### No. 3835.

District Court, D. Kansas, Second Division.
Jan. 9, 1935.

Howard T. Fleeson, of Wichita, Kan., referee in bankruptcy.

Fred Hinkle, of Wichita, Kan., for the bankrupt.

HOPKINS, District Judge.

At Topeka on this 9th day of January, 1935, this cause comes on for hearing in regular order before the Honorable Richard J. HOPKINS, Judge, upon the certificate of Honorable Howard T. Fleeson, one of the referees of this court in bankruptcy, upon a question for review, which was certified to the court on November 2, 1934. Clell Dodson, the bankrupt and petitioner for review, was represented by Fred Hinkle of Wichita. The court, after having considered the question certified by the referee and the brief filed by the bankrupt and petitioner for review, and in the presentments of counsel, makes the following findings:

(1) That on the 20th day of January, 1934, the bankrupt filed a voluntary petition in bankruptcy. He was adjudicated a bankrupt on January 22, 1934. On February 12, 1934, the bankrupt filed an amendment to Schedule B (3) of the bankruptcy schedules on file in this case, listed an indebtedness due him in the approximate amount of $300, under a contract entered into by him with the Secretary of Agriculture of the United States, in which the bankrupt agreed to limit the amount of his wheat acreage for the crop years of 1934 and 1935; at the time the bankrupt filed an amendment to Schedule B (5) of the bankruptcy schedules in this case, in which he claimed the money due to him under the aforesaid wheat allotment contract as exempt.

(2) The court finds that the bankrupt and the Secretary of Agriculture of the United States did enter into the written contract, a copy of which has been certified by the referee with his certificate upon the question for review, and that the said contract was entered into by the Secretary of Agriculture of the United States and the bankrupt, under the authority of the Agricultural Adjustment Act (Act of May 12, 1933, c. 25, 48 Stat. 31 [see 7 U.S.C.A. § 601 et seq.]).

(3) That the bankrupt in pursuance of the said written contract limited the amount of his wheat acreage for the crop year of 1934, by limiting the number of acres of wheat which he planted in the fall of 1933, for the harvest and crop year of 1934, and that the bankrupt had planted his wheat and performed his part of the contract for the crop year of 1934, at the time he was adjudicated a bankrupt on the 20th day of January, 1934, and at the time of the said adjudication the Secretary of Agriculture of the United States, in pursuance of the said contract performed by the bankrupt in the manner aforesaid, owed the bankrupt approximately $300, which the trustee claims is not exempt, but is payable to the trustee as a part of the assets of the estate of the bankrupt.

(4) The referee concludes that the aforesaid sum of money is not exempt to the bankrupt, but that the same is a part of the estate of the bankrupt, to which the trustee is entitled.

The court, after making the foregoing findings, thereupon orders as follows:

It is by the court decreed, ordered, and adjudged that the sum of money due from the Secretary of Agriculture of the United States to the bankrupt in the approximate sum of $300, under and by virtue of a written contract entered into by the bankrupt

and the Secretary of Agriculture under the authority of the Agricultural Adjustment Act (Act of May 12, 1933, c. 25, 48 Stat. 31), is not exempt to the bankrupt, and that the trustee is entitled to the same as assets of the estate of the bankrupt.